**19SL-CC00968**

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| CADY PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division No. |
| MAGNA VISUAL CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
| | ) | |
| Magna Visual Corporation | ) | |
| c/o Registered Agent Jon Liebenthal | ) | |
| 5800 Monroe Street, Building D, Suite 3 | ) | |
| Sylvania, OH 43560 | ) | |

### PETITION

COMES NOW Plaintiff, Cady Properties, LLC ("Cady Properties"), by and through its

undersigned counsel, and for its Petition against Defendant, Magna Visual Corporation ("MVC"),

hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Cady Properties is a Missouri limited liability company in good standing and is the

owner of certain premises (described more fully below) that are located in St. Louis County,

Missouri.

2.     Upon information and belief, MVC is an Ohio corporation and is conducting

business from certain premises that are located in St. Louis County, Missouri and owned by Cady

Properties.

3.     Jurisdiction and venue are proper in this Court because, among other reasons, the

commercial lease agreement that is the subject of this lawsuit was and is to be performed in St.

**EXHIBIT A**

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

Louis County, Missouri and expressly provides, in pertinent part, that "[a]ny legal action or proceeding with respect to this Lease shall only be brought in the courts of the County of St. Louis, State of Missouri . . . ."

**COUNT I**
**(Breach of Lease)**

4.     Cady Properties re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 3 of the Petition as if fully set forth herein.

5.     Cady Properties, as landlord, and MVC, as tenant, are parties to that certain Commercial Lease Agreement effective May 1, 2018 (the "Lease"), whereunder MVC agreed, among other things, to lease a portion of that certain land and improvements owned by Cady Properties and commonly known as 9400 Watson Road, St. Louis, MO 63126 (the "Premises") for a period of 18 months, beginning May 1, 2018 and ending October 30, 2019, and to pay monthly rent for the Premises in the amount of $21,125.00 due in advance on the first day of each month.  (*See* the Lease, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference, at §§ 1 & 2.A.).

6.     Cady Properties has performed all of the obligations and conditions precedent to the obligations of MVC under the Lease.

7.     Notwithstanding Cady Properties' performance of its obligations under the Lease, MVC is in default of its obligations under the Lease because of its failure to pay the full monthly rent for the Premises that came due under the Lease on March 1, 2019.

8.     As of March 6, 2019, MVC owes past due rent under the Lease in the amount of $15,125.00.

9.     In addition, MVC has indicated that it will not pay any rent beyond March 1, 2019, despite additional rent due and owing each month going forward through the conclusion of the

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

Lease.  As a result of non-payment by MVC, the past due rent amount will increase as time passes during the pendency of this lawsuit.

10.     Cady Properties seeks recovery of all past due rent at the time of judgment in favor of Cady Properties.

WHEREFORE, Plaintiff, Cady Properties, LLC, prays that the Court enter judgment in its favor and against Defendant, Magna Visual Corporation, on Count I of the Petition in the amount of $15,125.00 for past due rent for March 2019, plus the amount of past due rent and other damages that have accumulated during the pendency of this lawsuit, plus an award of pre- and post-judgment interest at the maximum rate authorized by law, its reasonable attorneys' fees and costs, and such other and further relief deemed just and proper under the circumstances.

## COUNT II
### (Total Breach of Lease by Anticipatory Repudiation)

11.     Cady Properties re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 10 of the Petition as if fully set forth herein.

12.     When Cady Properties and MVC entered into the Lease, they contemplated that Cady Properties might sell the Premises during the term of the Lease and, as a result, expressly agreed in the Lease that, if a sale of the Premises occurred between November 1, 2018 and October 30, 2019, then, among other things, the Lease would "terminate on the **closing** date of such transaction" and, upon termination, Cady Properties would pay MVC $2,700.00 for each full calendar month that had elapsed between November 1, 2018 and the termination date.  (*See* the Lease, Exhibit 1 hereto, at § 2.C., emphasis added.)

13.     On or about February 7, 2019, Cady Properties communicated to MVC via email that, among other things, it had entered into a contract to sell the Premises and, although the closing date for the sale transaction was still undetermined, it would notify MVC of the closing date when

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

said date became known so that the parties could comply with their respective obligations under Section 2.C. of the Lease.  (A copy of Cady Properties' February 7, 2019 email to MVC is attached hereto as Exhibit 2 and incorporated herein by reference.)

14.     Despite there being no closing date for Cady Properties' sale of the Premises and that no closing has occurred, and notwithstanding the clear and unambiguous terms of the Lease, MVC advised Cady Properties, by letter dated February 26, 2019, that, in light of Cady Properties' February 7, 2019 email regarding the sales contract for the Premises, MVC secured an alternative tenancy for its business operations and would be removing "needed" assets from and vacating the Premises by the end of March 2019 and considered the Lease to be terminated effective as of March 31, 2019.  (A copy of MVC's letter dated February 26, 2019 is attached hereto as Exhibit 3 and incorporated herein by reference.)

15.     In its letter dated February 26, 2019, MVC committed a total and material breach of and anticipatorily repudiated the Lease in that it manifested a positive intention to breach the Lease by declaring that it would be improperly terminating and ceasing performance (including the ongoing obligation to pay rent) under the Lease effective as of March 31, 2019, even though the terms of the Lease provide that the Lease will not terminate until the closing of Cady Properties' sale of the Premises.

16.     Cady Properties has performed all of the obligations and conditions precedent to the obligations of MVC under the Lease.

17.     In light of MVC's total and material breach and anticipatory repudiation of the Lease, Cady Properties has the right to treat the Lease as broken and to immediately pursue damages for a total breach of the Lease, including, but not limited to, all rent that comes due under the Lease after March 1, 2019.

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

WHEREFORE, Plaintiff, Cady Properties, LLC, prays that the Court enter judgment in its favor and against Defendant, Magna Visual Corporation, on Count II of the Petition in an amount equal to all rent that comes due under the Lease after March 1, 2019 through the remainder of the Lease term, award it pre- and post-judgment interest at the maximum rate authorized by law, award it its attorneys' fees and costs, and award it such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: March 6, 2019          By:          /s/  *R. Taylor Matthews III*
R. Taylor Matthews III, 60936
tmatthews@lewisrice.com
Justin M. Ladendorf, 68558
jladendorf@lewisrice.com
600 Washington Ave., Ste. 2500
St. Louis, MO 63101
(314) 444-1372 (telephone)
(314) 612-1372 (facsimile)

*Attorneys for Plaintiff*
*Cady Properties, LLC*

19SL-CC00968

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

## COMMERCIAL LEASE AGREEMENT

This Commercial Lease Agreement ("Lease") is made and effective May 1, 2018, by and between Cady Properties, LLC ("Landlord") and Magna Visual Corporation ("Tenant").

Landlord is the owner of land and improvements commonly known and numbered as 9400 Watson Road, St. Louis, MO 63126 and legally described as follows (the "Building").  Landlord makes available for lease a portion of the Building designated as attached hereto and incorporated herewith as Exhibit A to be used as general assembly and manufacturing space by Tenant (the "Leased Premises").

Landlord desires to lease the Leased Premises to Tenant, and Tenant desires to lease the Leased Premises from Landlord for the term, at the rental and upon the covenants, conditions and provisions herein set forth.

THEREFORE, in consideration of the mutual promises herein, contained and other good and valuable consideration, it is agreed:

1.      **Term.**

A.      Landlord hereby leases the Leased Premises to Tenant, and Tenant hereby leases the same from Landlord, for the Term beginning May 1, 2018 and ending October 30, 2019.  Except as otherwise expressly set forth in this Lease, by its execution hereof, Tenant acknowledges that it accepts possession of the Leased Premises in its "AS-IS", "WHERE IS", and "WITH ALL FAULTS" condition.  Except as otherwise expressly set forth in this Lease, Landlord shall have no obligation to perform any work at the Leased Premises (including, without limitation, demolition of any improvements existing therein or construction of any Tenant finish work or other improvements).

B.      Tenant may not renew the Lease.

2.      **Rental.**

A.      Tenant shall pay to Landlord during the Term rental of $21,125.00 Dollars per month. Each installment payment shall be due in advance on the first day of each calendar month during the Lease Term to Landlord at 22 Broadview Farms Rd, St. Louis, Missouri 63141 or at such other place designated by written notice from Landlord or Tenant without notice, demand, offset or deduction. The rental payment amount for any partial calendar months included in the Lease Term shall be prorated on a daily basis.  Tenant shall not be required to pay to Landlord a "Security Deposit" upon the signing of this Commercial Lease Agreement.

B.      Should a sale or lease of the Leased Premises occur during the first six (6) months of the Lease Term, this Lease shall terminate on the closing date of such transaction however, Tenant shall remain obligated to pay Landlord monthly rent through the sixth month of the Term, with no further obligation of Tenant for any lease payments thereafter.  In no case shall Tenant be required

1

Exhibit

1

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

to vacate the Leased Premises prior to June 30, 2018 under this Lease.  Landlord and Tenant shall execute a mutually acceptable form of termination agreement to confirm the foregoing.

C.      Should a sale or lease of the Leased Premises occur during months seven (7) through eighteen (18) of the Lease Term, this Lease shall terminate on the closing date of such transaction; however, Landlord shall pay to Tenant an amount equal to the product of (i) the number of full calendar months which have elapsed since the six-month anniversary of the date of the commencement date of the Lease, multiplied by (ii) $2,700.00 paid during the period covered in this paragraph.  Landlord and Tenant shall execute a mutually acceptable form of termination agreement to confirm the foregoing.

**3.      Use.**

Notwithstanding the forgoing, Tenant shall not use the Leased Premises for the purposes of storing, manufacturing or selling any explosives, flammables or other inherently dangerous substance, chemical, thing or device.

**4.      Repairs.**

During the Lease Term, Landlord shall make, at Landlord's expense, all necessary repairs to the Leased Premises.  Repairs shall include such items as routine repairs of floors, walls, ceilings, and other parts of the Leased Premises damaged or worn through normal occupancy, including major mechanical systems or the roof.  Notwithstanding the foregoing, in the event any such repairs are caused by the negligence or willful misconduct of Tenant or Tenant's employees, agents, invitees or contractors, Tenant shall reimburse Landlord, as additional rent, the actual and reasonable cost of all such maintenance and repairs within thirty (30) days after receipt of Landlord's invoice for same.

**5.      Alterations and Improvements.**

Tenant, at Tenant's expense, shall have the right following Landlord's consent, which will not be unreasonably withheld, to remodel, redecorate, and make additions, improvements and replacements of and to all or any part of the Leased Premises from time to time as Tenant may deem desirable, provided the same are made in a workmanlike manner and utilizing good quality materials.  All alterations, additions or improvements made to the Premises, if any, shall belong to the Landlord upon the termination of the Lease and shall be surrendered with the Premises; provided, however, Landlord may require Tenant to remove such alterations, additions or improvements made by Tenant at the expiration or earlier termination of this Lease, at Tenant's cost, including any damage to the Premises caused by such removal; provided that Landlord notifies Tenant whether Landlord will require to removal of such alterations, additions or improvements at the same time Landlord consents to the installation of such alterations, additions or improvements.  Tenant shall have the right to place and install personal property, trade fixtures, equipment and other temporary installations in and upon the Leased Premises, and fasten the same to the premises.  All personal property, equipment, machinery, trade fixtures and temporary installations, whether acquired by Tenant at the commencement of the Lease Term or placed or installed on the Leased Premises by Tenant thereafter, shall remain Tenant's property free and clear of any claim by Landlord.  Tenant shall have the right to remove the same at any time during

the Term of this Lease provided that all damage to the Leased Premises caused by such removal shall be repaired by Tenant at Tenant's expense.

**6.    Property Taxes.**

Landlord shall pay, prior to delinquency, all general real estate taxes and installments of special assessments coming due during the Lease Term on the Leased Premises, and all personal property taxes with respect to Landlord's personal property, if any, on the Leased Premises. Tenant shall be responsible for paying all personal property taxes with respect to Tenant's personal property at the Leased Premises.

**7.    Insurance.**

A.    If the Leased Premises or any other part of the Building is damaged by fire or other casualty resulting from any act or negligence of Tenant or any of Tenant's agents, employees or invitees, rent shall not be diminished or abated while such damages are under repair.

B.    Landlord shall maintain fire and extended coverage insurance on the Building and the Leased Premises in such amounts as Landlord shall deem appropriate. Tenant shall be responsible, at its expense, for fire and extended coverage insurance on all of its personal property, including removable trade fixtures, located in the Leased Premises.

C.    Tenant and Landlord shall, each at its own expense, maintain a policy or policies of comprehensive general liability insurance with respect to the respective activities of each in the Building with the premiums thereon fully paid on or before due date, issued by and binding upon some insurance company approved by Landlord, such insurance to afford minimum protection of not less than $1,000,000 combined single limit coverage of bodily injury, property damage or combination thereof. Landlord shall be listed as an additional insured on Tenant's policy or policies of comprehensive general liability insurance, and Tenant shall provide Landlord with current Certificates of Insurance evidencing Tenant's compliance with this Paragraph. Tenant shall obtain the agreement of Tenant's insurers to notify Landlord that a policy is due to expire at least (10) days prior to such expiration. Landlord shall not be required to maintain insurance against thefts within the Leased Premises or the Building.

**8.    Utilities.**

By way of separate agreement with Tenant covering certain Transition Services, Magna Visual, Inc. shall pay all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Tenant on the Leased Premises during the Term of this Lease only during such time that Tenant occupies the Leased Premises, and Tenant shall reimburse Magna Visual, Inc. for such payments for as long as Tenant occupies the Leased Premises. It is expected that Tenant shall occupy the Leased Premises not longer than six (6) months after the Term begins. After occupation of the Leased Premises by Tenant ceases, the preceding obligations for Utilities revert to the Landlord in the entirety. It shall be deemed conclusive, for purposes of operation of this Section, that occupation of the Leased Premises shall cease upon the cessation of manufacturing activities at the Leased Premises by Tenant. In the event that any utility or service provided to the Leased Premises is not separately metered, Landlord shall pay the amount due and separately invoice Tenant for Tenant's pro rata share of the charges. Tenant shall pay such amounts within fifteen

3

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

(15) days of invoice.  Tenant acknowledges that the Leased Premises are designed to provide standard office use electrical facilities and standard office lighting.  Tenant shall not use any equipment or devices that utilize excessive electrical energy or which may, in Landlord's reasonable opinion, overload the wiring or interfere with electrical services to other tenants.

**9.     Signs.**

Following Landlord's consent, Tenant shall have the right to place on the Leased Premises, at locations selected by Tenant, any signs which are permitted by applicable zoning ordinances and private restrictions.  Landlord may refuse consent to any proposed signage that is in Landlord's opinion too large, deceptive, unattractive or otherwise inconsistent with or inappropriate to the Leased Premises or use of any other tenant.  Landlord shall assist and cooperate with Tenant in obtaining any necessary permission from governmental authorities or adjoining owners and occupants for Tenant to place or construct the foregoing signs. On or before the expiration or earlier termination of this Lease, Tenant shall remove all of Tenant's signage and Tenant shall repair all damage to the Leased Premises resulting from the removal of signs installed by Tenant.

**10.     Entry.**

Landlord shall have the right to enter upon the Leased Premises at reasonable hours to inspect the same, provided Landlord shall not thereby unreasonably interfere with Tenant's business on the Leased Premises.

**11.     Parking.**

During the Term of this Lease, Tenant shall have the exclusive use in common with Landlord of the non-reserved common automobile parking areas, driveways, and footways, subject to rules and regulations for the use thereof as prescribed from time to time by Landlord.  Landlord reserves the right to designate parking areas within the Building or in reasonable proximity thereto, for Tenant and Tenant's agents and employees.

**12.     Building Rules.**

Tenant will comply with the rules of the Building adopted by Landlord on the date of this Lease and will cause all of its agents, employees, invitees and visitors to do so; all proposed changes to such rules will be sent by Landlord to Tenant in writing.

**13.     Damage and Destruction.**

Subject to Section 7 A. above, if the Leased Premises or any part thereof or any appurtenance thereto is so damaged by fire, casualty or structural defects that the same cannot be used for Tenant's purposes, then Tenant shall have the right within ninety (90) days following damage to elect by notice to Landlord to terminate this Lease as of the date of such damage.  In the event of minor damage to any part of the Leased Premises, and if such damage does not render the Leased Premises unusable for Tenant's purposes, Landlord shall promptly repair such damage at the cost of the Landlord.  In making the repairs called for in this paragraph, Landlord shall not be liable for any delays resulting from strikes, governmental restrictions, inability to obtain necessary materials or labor or other matters which are beyond the reasonable control of Landlord.  Tenant shall be

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

relieved from paying rent and other charges during any portion of the Lease Term that the Leased Premises are inoperable or unfit for occupancy, or use, in whole or in part, for Tenant's purposes. Rentals and other charges paid in advance for any such periods shall be credited on the next ensuing payments, if any, but if no further payments are to be made, any such advance payments shall be refunded to Tenant.  The provisions of this paragraph extend not only to the matters aforesaid, but also to any occurrence which is beyond Tenant's reasonable control and which renders the Leased Premises, or any appurtenance thereto, inoperable or unfit for occupancy or use, in whole or in part, for Tenant's purposes.

**14.     Default.**

If default shall at any time be made by Tenant in the payment of rent when due to Landlord as herein provided, and if said default shall continue for five (5) days after written notice thereof shall have been given to Tenant by Landlord (provided that Landlord shall not be required to send more than one (1) such notice in any period of twelve (12) consecutive months), or if default shall be made in any of the other covenants or conditions to be kept, observed and performed by Tenant, and such default shall continue for thirty (30) days after notice thereof in writing to Tenant by Landlord without correction thereof then having been commenced and thereafter diligently prosecuted, Landlord may declare the Term of this Lease ended and terminated by giving Tenant written notice of such intention, and if possession of the Leased Premises is not surrendered, Landlord may reenter said premises.  Landlord shall have, in addition to the remedy above provided, any other right or remedy available to Landlord on account of any Tenant default, either in law or equity.  Landlord shall use reasonable efforts to mitigate its damages.

**15.     Quiet Possession.**

Landlord covenants and warrants that upon performance by Tenant of its obligations hereunder, Landlord will keep and maintain Tenant in exclusive, quiet, peaceable and undisturbed and uninterrupted possession of the Leased Premises during the Term of this Lease.

**16.     Condemnation.**

If any legally, constituted authority condemns the Building or such part thereof which shall make the Leased Premises unsuitable for leasing, this Lease shall cease when the public authority takes possession, and Landlord and Tenant shall account for rental as of that date.  Such termination shall be without prejudice to the rights of either party to recover compensation from the condemning authority for any loss or damage caused by the condemnation.  Neither party shall have any rights in or to any award made to the other by the condemning authority.

**17.     Subordination.**

Tenant accepts this Lease subject and subordinate to any mortgage, deed of trust or other lien presently existing or hereafter arising upon the Leased Premises, or upon the Building and to any renewals, refinancing and extensions thereof, but Tenant agrees that any such mortgagee shall have the right at any time to subordinate such mortgage, deed of trust or other lien to this Lease on such terms and subject to such conditions as such mortgagee may deem appropriate in its discretion. Landlord is hereby irrevocably vested with full power and authority to subordinate this Lease to any mortgage, deed of trust or other lien now existing or hereafter placed upon the Leased Premises

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

of the Building, and Tenant agrees upon demand to execute such further instruments subordinating this Lease or attorning to the holder of any such liens as Landlord may request.  In the event that Tenant should fail to execute any instrument of subordination herein required to be executed by Tenant promptly as requested, Tenant hereby irrevocably constitutes Landlord as its attorney-in-fact to execute such instrument in Tenant's name, place and stead, it being agreed that such power is one coupled with an interest.  Tenant agrees that it will from time to time upon request by Landlord execute and deliver to such persons as Landlord shall request a statement in recordable form certifying that this Lease is unmodified and in full force and effect (or if there have been modifications, that the same is in full force and effect as so modified), stating the dates to which rent and other charges payable under this Lease have been paid, stating that Landlord is not in default hereunder (or if Tenant alleges a default stating the nature of such alleged default) and further stating such other matters as Landlord shall reasonably require.

**18.    Security Deposit.**

There shall be no Security Deposit required under this Lease.

**19.    Notice.**

Any notice required or permitted under this Lease shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

*If to Landlord to:*

Cady Properties, LLC
c/o R. Taylor Matthews III
Lewis Rice LLC
600 Washington Ave, Ste. 2500
Saint Louis, MO 63101

*If to Tenant to:*
Magna Visual Corporation
Attn: Joseph L. Young
28271 Cedar Park Blvd.
Perrysburg, Ohio 43551

Landlord and Tenant shall each have the right from time to time to change the place notice is to be given under this paragraph by written notice thereof to the other party.

**20.    Brokers.**

Tenant represents that Tenant was not shown the Premises by any real estate broker or agent and that Tenant has not otherwise engaged in any activity which could form the basis for a claim for real estate commission, brokerage fee, finder's fee or other similar charge, in connection with this Lease.

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

**21.     Waiver.**

No waiver of any default of Landlord or Tenant hereunder shall be implied from any omission to take any action on account of such default if such default persists or is repeated, and no express waiver shall affect any default other than the default specified in the express waiver and that only for the time and to the extent therein stated.  One or more waivers by Landlord or Tenant shall not be construed as a waiver of a subsequent breach of the same covenant, term or condition.

**22.     Memorandum of Lease.**

The parties hereto contemplate that this Lease should not and shall not be filed for record, but in lieu thereof, at the request of either party, Landlord and Tenant shall execute a Memorandum of Lease to be recorded for the purpose of giving record notice of the appropriate provisions of this Lease.

**23.     Headings.**

The headings used in this Lease are for convenience of the parties only and shall not be considered in interpreting the meaning of any provision of this Lease.

**24.     Successors.**

The provisions of this Lease shall extend to and be binding upon Landlord and Tenant and their respective legal representatives, successors and assigns.

**25.     Consent.**

Landlord shall not unreasonably withhold or delay its consent with respect to any matter for which Landlord's consent is required or desirable under this Lease.

**26.     Performance.**

If there is a default with respect to any of Landlord's covenants, warranties or representatives under this Lease, and if the default continues more than thirty (30) days after notice in writing from Tenant to Landlord specifying the default, Tenant may, at its option and without affecting any other remedy hereunder, cure such default and deduct the cost thereof from the next accruing installment or installments of rent payable hereunder until Tenant shall have been fully reimbursed for such expenditures, together with interest thereon at a rate equal to the lesser of twelve percent (12%) per annum or the then highest lawful rate.  If this Lease terminates prior to Tenant's receiving full reimbursement, Landlord shall pay the unreimbursed balance plus accrued interest to Tenant on demand.

**27.     Compliance with Law.**

Tenant shall comply with all laws, orders, ordinances and other public requirements now or hereafter pertaining to Tenant's use of the Leased Premises.  Landlord shall comply with all laws, orders, ordinances and other public requirements now or hereafter affecting the Leased Premises.

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

**28.    Final Agreement.**

This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.  This Agreement may be modified only by a further writing that is duly executed by both parties.

**29.    Governing Law; Venue.**

This Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Missouri.  Any legal action or proceeding with respect to this Lease shall only be brought in the courts of the County of St. Louis, State of Missouri, or any court of the United States of America for the Eastern District of Missouri.

IN WITNESS WHEREOF, the parties have executed this Lease as of the day and year first above written.

Cady Properties, LLC "Landlord"

_____   Date 5/1/18
William R. Cady II
Member


Magna Visual Corporation "Tenant"

_____   Date_____
Joseph L. Young
Co-President

8

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

**28.     Final Agreement.**

This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.  This Agreement may be modified only by a further writing that is duly executed by both parties.

**29.     Governing Law; Venue.**

This Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Missouri.  Any legal action or proceeding with respect to this Lease shall only be brought in the courts of the County of St. Louis, State of Missouri, or any court of the United States of America for the Eastern District of Missouri.

IN WITNESS WHEREOF, the parties have executed this Lease as of the day and year first above written.

Cady Properties, LLC "Landlord"

_____ Date_____
William R. Cady II
Member


Magna Visual Corporation "Tenant"

_____ Date__5/1/201c__
Joseph L. Young
Co-President

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

**Lease Exhibit A**

The entirety of the Building, with the exception of i) the portion of the Building leased to Crane Binder Technologies; ii) Bill Cady's office; iii) Diane Crews' office.

**19SL-CC00968**

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

**DeBello, Jennifer**

| | |
|---|---|
| **From:** | wrc.mvi@gmail.com |
| **Sent:** | Thursday, February 07, 2019 2:52 PM |
| **To:** | 'jyoung' |
| **Cc:** | 'Diane Crews'; Matthews, R. Taylor III |
| **Subject:** | [EXTERNAL] Pending building sale |

*FROM THE DESK OF WILLIAM R. CADY II*

Joseph L. Young February 7,2019
Co-President
Magna Visual Corporation
28271 Cedar Park Blvd.
Perrysburg, Ohio 43551

Joe,

I am writing to notify you Cady Properties recently entered into a contract to sell the building at 9400 Watson Road. Under the sale contract, the buyer has 60 days (beginning on February 1) to conduct due diligence, including inspections of the building. Please be aware that folks will be on site to inspect various aspects of the building during this period; please let me know if you have any issues with this. In accordance with the lease, we will ensure that the inspections will be at reasonable hours and will not unreasonably interfere with your business at the premises.

Section 2.C. of the lease between Cady Properties, LLC. and Magna Visual Corporation provides that the lease will terminate upon closing on the sale of the building. There are certain contingencies that must be satisfied for closing on the sale, including the buyer obtaining certain financing for the transaction. Closing is currently scheduled to occur 35 days after the contingencies are satisfied. At this time, we do not have a target closing date for the transaction.

In any event, once the contingencies are satisfied, we will notify you of the closing date, and you will have at least 30 days to vacate the premises. Along with the notice, we will deliver a draft lease termination agreement as contemplated in the lease.

Please let me know if you have any questions.

Sincerely,

*William Cady*

**Exhibit**

**2**

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

**19SL-CC00968**

Electronically Filed - St. Louis County - March 06, 2019 - 05:10 PM



**MAGNA VISUAL**®

February 26, 2019

Mr. William R. Cady II
Magna Visual, Inc.
Cady Properties, LLC
22 Broadview Farms Rd.
St. Louis, MO 63141

*<u>VIA Electronic Mail and Hand Delivery</u>*

Dear Bill:

We have received your notices of February 7 and 22nd relating to the Commercial Lease Agreement ("CLA") by and between Cady Properties, LLC ("Cady Properties") and Magna Visual Corporation ("MVC") dated May 1, 2018.

We have been advised that Cady Properties has entered into a binding purchase agreement with a buyer for the property at 9400 Watson Road, St. Louis, MO 63126 (the "Leased Premises"). The Transition Services Agreement by and between MVC and Magna Visual, Inc. provides at paragraph 4.2 that: "Rent shall be paid by BUYER to Cady Properties, LLC for use of the St. Louis Plant pursuant to operation of that certain Commercial Lease Agreement…" The Commercial Lease Agreement states that should a sale or lease of the premises occur, the lease shall terminate:

> **2. Rental.**
> C. Should a sale or lease of the Leased Premises occur during months seven (7) through eighteen (18) of the Lease Term, this Lease shall terminate on the closing date of such transaction; however, landlord shall pay to Tenant an amount equal to the product of (i) the number of full calendar months which have elapsed since the six-month anniversary of the date of the commencement of the Lease, multiplied by (ii) $2,700.00 paid during the period covered in this paragraph. Landlord and Tenant shall execute a mutually acceptable form of termination agreement to confirm the foregoing.

Pursuant to the above, and the fact that after repeated attempts, we are not able to sub-lease the Leased Premises in view of your notice and your agent's insistence that the property is "under contract and sold," we deem therefore that the substance of your notice and sub-lease

**Exhibit**

**3**

Electronically Filed - St Louis County - March 06, 2019 - 05:10 PM

prohibition is essentially and constructively a termination of the CLA.    We accept this constructive termination as a Notice of Termination effective March 31, 2019.  In preparing thus the final lease payment on March 1, 2019, we will calculate same in accordance with Section 2.C. of the CLA.  MVC will deduct the product of 5 months x $2,700.00 = $13,500 for the five (5) months   rent paid beyond the six-month anniversary date of the CLA inception. Additionally, you are hereby advised that MVC thus shall not be further obligated under the CLA with this final lease payment in view of the constructive Notice of Termination regarding the Leased Premises, which has, as stated above, rendered our continued use and enjoyment of the Leased Premises, in whatever form, impossible.

In view of the frustration in the operation of the CLA caused through your effective  and constructive termination, we have secured an alternative tenancy in order maintain operation of our business, as it essential that we enjoy an unencumbered and contingency-free tenancy.  We have recently put in place plans which require removal of needed assets from the Watson Road location prior to March 31, 2019.

We are conducting an on-line auction sale that will commence on March 7 and conclude March 21, 2019.  Removal of all assets purchased in this sale will be completed by March 29, 2019.

As it relates to operation of that certain Transition Services Agreement by and between MVI and MVC, we naturally expect that there may be lingering invoices that would need to be approved by us prior to payment, as in the past.  Other than such amounts, which, again, are subject to acceptance by us, please be advised that we expect that no further financial consideration shall be due from MVC to MVI or Cady Properties effective March 31, 2019.

I believe that the above concludes our relationship other than those matters which continue under the various agreements which remain in place other than that which is expressed in the CLA.  Should there be a form of agreement embodying the termination of the CLA that you wish to proffer, please send to me at your earliest convenience.  Finally, should I have omitted anything in this letter, please advise.

Thanks, Bill.  I hope that you have obtained everything you wanted in your sale of the property.

Sincerely,

Joseph L. Young
Co-President

Magna Visual Corporation          28271 Cedar Park Blvd.          Perrysburg, Ohio  43551
                                  11222 Tesson Park, Suite 202    St. Louis, MO  63126



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number:  19SL-CC00968 |
| Plaintiff/Petitioner:<br>CADY PROPERTIES | Plaintiff's/Petitioner's Attorney/Address:<br>R. TAYLOR MATTHEWS III<br>600 WASHINGTON AVENUE<br>SUITE 2500<br>ST LOUIS, MO  63101 |
| **vs.** | |
| Defendant/Respondent:<br>MAGNA VISUAL CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Breach of Contract | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  MAGNA VISUAL CORPORATION
Alias:

R/A: JON LIEBENTHAL
5800 MONROE ST., BLDG D SUITE 3
SYLVANIA, OH  43560

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**SPECIAL NEEDS:  If** you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>08-MAR-2019</u>
Date
Further Information:
LG

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
    .
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐  other (describe) _____.
Served at _____ (address).
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $_____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

**19SL-CC00968**

Electronically Filed - St Louis County - March 07, 2019 - 10:07 AM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

CADY PROPERTIES, LLC,                    )
                                         )
        Plaintiff,                       )
                                         )        Case No.
v.                                       )
                                         )        Division
MAGNA VISUAL CORPORATION,                )
                                         )        **JURY TRIAL DEMANDED**
        Defendant.                       )

### REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, Cady Properties, LLC, by and through its undersigned

counsel, and pursuant to Local Rule 28, asks that its request for appointment of the following

special process server by granted:

> Rick Luman
> Luman Investigative Services, LLC
> 1920 Veterans Lane, #48
> Findlay, Ohio 45840
> (419) 270-0885

The special process server shall serve the Defendant, Magna Visual Corporation, with the

Summons and a copy of Petition in the above-styled cause.  Pursuant to Missouri Rules of

Civil Procedure 54.14 and 54.13, Rick Luman is over the age of 18 years and is not a party to

this action and who has no interest in this lawsuit.

Serve:        Magna Visual Corporation
              c/o Registered Agent Jon Liebenthal
              5800 Monroe Street, Building D, Suite 3
              Sylvania, Ohio 43560

Electronically Filed - St Louis County - March 07, 2019 - 10:07 AM

Respectfully submitted,

**LEWIS RICE LLC**

Dated: March 7, 2019

By:  /s/ R. Taylor Matthews III
      R. Taylor Matthews III, #60936
      Justin M. Ladendorf, #68558
      600 Washington Avenue, Suite 2500
      St. Louis, Missouri 63101
      (314) 444-7600
      (314) 241-6056 (facsimile)
      tmatthews@lewisrice.com
      jladendorf@lewisrice.com

*Attorneys for Plaintiff*
*Cady Properties, LLC*

2318974

Electronically Filed - St Louis County - March 14, 2019 - 10:41 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 19SL-CC00968 |
|---|---|
| Plaintiff/Petitioner:<br>CADY PROPERTIES | Plaintiff's/Petitioner's Attorney/Address:<br>R. TAYLOR MATTHEWS III<br>600 WASHINGTON AVENUE<br>SUITE 2500<br>ST LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br>MAGNA VISUAL CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MAGNA VISUAL CORPORATION
　　　　　　　　　　　　　Alias:

R/A: JON LIEBENTHAL
5800 MONROE ST., BLDG D SUITE 3
SYLVANIA, OH 43560

*COURT SEAL OF*

*ST LOUIS COUNTY*

　　　　You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
　　　　SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

　08-MAR-2019　　　　　　　　　　　　　　　　　　　_Joan M. Gilmer_
　　Date　　　　　　　　　　　　　　　　　　　　　　　Clerk
　Further Information:
　LG

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _PROCESS SERVER_ of _LUCAS_ County, _OHIO_ (state).
3. I have served the above summons by: (check one)
　☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
　☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
　☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _ATTORNEY JON LIEBENTHAL_ (name) _STATUTORY AGENT_ (title).
　☐ other (describe)

Served at _5800 MONROE STREET BUILDING D SUITE 3 SYLVANIA,_ (address)
in _LUCAS_ County, _OHIO_ (state), on _MARCH 13_ (date) at _11 15 AM_ (time).
_RICHARD P. WIMAN_　　　　　　　　　　　　　_[signature]_
Printed Name of Sheriff or Server　　　　　　　　　Signature of Sheriff or Server

Subscribed and Sworn To me before this _13_ (day) _MARCH_ (month) _2019_ (year)
I am: (check one)　☐ the clerk of the court of which affiant is an officer.
　　　　　　　　　☐ the judge of the court of which affiant is an officer.
　　　　　　　　　☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
　　　　　　　　　☐ authorized to administer oaths. (use for court-appointed server)

CYNTHIA R. CLARK
Notary Public, State of Ohio
My Commission Exp.: 12/11/2020

_Cynthia R. Clark_
Signature and Title

Electronically Filed - St Louis County - March 14, 2019 - 10:41 AM

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

CADY PROPERTIES, LLC,             )
                                               )
                 Plaintiff,         )
                                             )     Cause No. 19SL-CC00968
v.                                      )
                                           )     Division No.  12
MAGNA VISUAL CORPORATION,   )
                                           )
              Defendant.     )
                                           )

**PLAINTIFF CADY PROPERTIES, LLC'S
<u>FIRST INTERROGATORIES DIRECTED TO DEFENDANT MAGNA VISUAL
CORPORATION</u>**

COMES NOW Plaintiff Cady Properties, LLC, by and through its undersigned counsel, and, pursuant to Mo. Sup. Ct. R. 57.01, propounds the following Interrogatories to Defendant Magna Visual Corporation:

<u>**INSTRUCTIONS**</u>

Any interrogatory which calls for the identification of a person shall be interpreted to call for the name; current or last known full address; telephone number; email address; and current or last known employer, job classification, business address and business telephone number of that person.

Any interrogatory that calls for the identification of a document or writing shall be interpreted to call for the following information with respect to each such document or writing:

(1)     The date, title and subject matter of the document or writing and a brief summary of the contents thereof;

(2)     The person[s] and/or entity[ies] involved or associated with the creation, preparation, and/or execution of the document or writing;

(3)     The title of the file or folder, if any, in which the document or writing is kept;

(4)     The identity of each person having custody or control of the document or writing, or any copies thereof; and,

(5)     The source of the information sought in (1) - (4) above.

Any interrogatory that calls for the identification of facts shall be deemed to call for the following information with respect to each such fact:

(1)     A full and specific statement and description of each such fact;

(2)     The identification of each person who has personal knowledge of each such fact;

(3)     The identification of each document or writing which is a source of or which evidences each such fact; and

(4)     The identification of each oral conversation or communication, which is a source of or evidences such fact.

If you object to any interrogatory, you are requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of the language of the interrogatory to which you object, and state which part of the interrogatory, if any, you are answering.

If you object to any interrogatory or any subpart thereof on the ground such an interrogatory or subpart calls for disclosure of information which you claim is privileged, then answer such interrogatory or subpart as follows: (1) furnish all information and facts called for by such interrogatory or subpart which you do not claim as privileged; and (2) for each communication, recommendation, fact or advice which you claim is privileged:  (a) state the basis for your claim of privilege, (b) if the communication, advice, fact, recommendation, etc., in question was conveyed verbally, then identify all persons present during such communication, identify the parties to such communication, state the date, time and place where such communication occurred, state whether the parties were present during such communication or communicated by telephone, and state the subject matter of such communication, and (c) if the communication, advice,

recommendation, or fact in question is embodied in or conveyed by means of a document, then identify each such document and identify each person who has seen such document.

## **DEFINITIONS**

The following definitions apply throughout for the purposes of these interrogatories:

1.      "Defendant," "MVC," "you," or "your" means Magna Visual Corporation and its affiliates, and any of their agents, representatives, attorneys, affiliated entities, and all persons or entities that have acted, or purported to act, on its behalf.

2.      "Cady Properties" or "Plaintiff" means Cady Properties, LLC and its agents, representatives, attorneys, and all persons or entities that have acted, or purported to act, on its behalf.

3.      The term "Lease" means the Commercial Lease Agreement effective May 1, 2018 between Cady Properties, LLC and Magna Visual Corporation, which is attached as Exhibit 1 to the Petition.

4.      The term "Property" means the land and improvements commonly known as 9400 Watson Road, St. Louis, Missouri 63126.

5.      "Petition" refers to Plaintiff's Petition in the above styled matter and any subsequent amendments thereto.

6.      "Document" – The term "document" shall mean and shall refer to all information bearing media within the scope of the Missouri Rule of Civil Procedure and as defined by current case law and shall include the original and copies thereof which are different from the original in any respect (whether different from the original by reason of notations or otherwise), including any written, printed, typed, recorded, graphic, computer generated or photographic matter, sound reproduction, tape, record, or other device, however produced or reproduced.   The term

"document" shall specifically be construed to include any computer-generated documents or records and any electronically stored information, including, but not limited to e-mail, voice mail, or other similar records, and any "deleted" or "erased" computer records that may be retrievable. As used in these Requests, the term "document" includes not only those documents in your possession, custody or control, but also any other documents that you have seen or know to exist, even though they are not in your possession, custody or control of the same.

7.      The terms "communication" or "oral communication" shall include communications or transmissions of any nature between or among one or more persons and one or more other persons including, without limitation, formal or informal discussions, conversations, conferences or meetings in person or by telephone, teleconference, telegraph, radio, or any other device for transmission of written, electronic, or verbal communications.

8.      "Relate to" or "relating to" means in any way concerning, describing, constituting, reflecting, containing, contained in, referring to, involving, connected with or related to, in whole or in part.

9.      The term "person[s]" shall mean and include all natural persons, corporations, partnerships, associations, and any other kind or association, business, or other legal entity.

10.     The terms "fact" or "facts" shall include any occurrence, event, action, communication, meeting, happening, episode, transaction or conduct.

## **INTERROGATORIES**

1.      For each interrogatory, identify the person or persons who provided information relied upon in answering the interrogatory.

**ANSWER:**

2.      Identify the lease that you contend governs the rights and responsibilities of Plaintiff and Defendant with respect to the Property.

**ANSWER:**


3.      Identify any broker or consultant that Defendant consulted or used to identify any sale, lease, or sublease, or potential sale, potential lease, or potential sublease of the Property, or any part thereof.

**ANSWER:**


4.      For each offer received by Defendant to buy, lease, or sublease the Property, or any part thereof, identify the date of such offer, all terms of such offer, the person who made such offer, and all persons to whom the offer was communicated (as well as the date of such communication and the substance of any such communication).

**ANSWER:**


5.      Identify all communications with Plaintiff or GT Cozad discussing the sale, lease, or sublease, or potential sale, potential lease, or potential sublease of the Property, or any part thereof, including the date of the communication, the parties to the communication, and the substance of the communication.

**ANSWER:**


6.      Identify all the reasons Defendant purported to terminate the Lease and all facts that support any such reasons.

**ANSWER:**


7.      Identify all facts that support Defendant's contention in its March 18, 2019 letter to Cady Properties that "Not only is MVC precluded from subleasing the property, it is also being denied an unencumbered and contingency-free tenancy."

**ANSWER:**


8.      Identify the address of the new location to which Defendant intends to move its St. Louis operations.

**ANSWER:**


9.      Identify the date Defendant's manufacturing operations ceased at the Property.

**ANSWER:**


10.     Identify all persons you believe have knowledge of facts supporting or refuting any allegations in the Petition or any Answer or Defenses pled in response to the Petition, and identify in detail all such facts.

**ANSWER:**


11.     Identify any exhibits Defendant will use at trial.

**ANSWER:**


12.     Identify any witness Defendant will call at trial.

**ANSWER:**


13.     Identify any statements by Plaintiff relating to the claims or defenses in this litigation.

**ANSWER:**


14.     State whether you intend to call any expert witness to testify at the trial of this case

(retained and/or non-retained) and if yes, state:

        a.     The name, address, phone number, e-mail address, and website address (if applicable) of such expert.

        b.     The occupation and place of employment of such expert.

        c.     The qualifications of the expert to give an opinion (attach curriculum vitae if available).

        d.     The general nature of the subject matter on which the expert is expected to testify.

**ANSWER:**

Respectfully submitted,

**LEWIS RICE LLC**

Dated: March 27, 2019        By:    /s/ R. Taylor Matthews III
        R.  Taylor Matthews III, 60936
        600 Washington Ave., Ste.  2500
        St.  Louis, MO  63101
        (314) 444-7600 (telephone)
        (314) 241-6056 (facsimile)
        tmatthews@lewisrice.com

        ***Attorneys for Plaintiff Cady Properties, LLC***

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via email (with a word version) and U.S. Mail on this 27th day of March, 2019, on the party listed below.  In addition, the undersigned counsel hereby certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Magna Visual Corporation
c/o Joseph Young
28271 Cedar Park Blvd.
Perrysburg, Ohio 43551
jyoung@magnavisual.com

        /s/ R. Taylor Matthews III

8

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

CADY PROPERTIES, LLC,    )
             )
    Plaintiff,   )
             )  Cause No. 19SL-CC00968
v.            )
             )  Division No.  12
MAGNA VISUAL CORPORATION, )
             )
    Defendant.  )
             )

## PLAINTIFF CADY PROPERTIES, LLC'S FIRST REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT MAGNA VISUAL CORPORATION

COMES NOW Plaintiff Cady Properties, LLC, by and through its undersigned counsel, and pursuant to Mo. Sup. Ct. R. 58.01, propounds the following Requests for Production on Defendant Magna Visual Corporation:

### DEFINITIONS AND INSTRUCTIONS

The following definitions apply throughout for the purposes of these Requests for Production:

1. "Defendant," "MVC," "you," or "your" means Magna Visual Corporation and its affiliates, and any of their agents, representatives, attorneys, affiliated entities, and all persons or entities that have acted, or purported to act, on its behalf.

2. "Cady Properties" or "Plaintiff" means Cady Properties, LLC and its agents, representatives, attorneys, and all persons or entities that have acted, or purported to act, on its behalf.

3. The term "Lease" means the Commercial Lease Agreement effective May 1, 2018 between Cady Properties, LLC and Magna Visual Corporation, which is attached as Exhibit 1 to the Petition.

4.      The term "Property" means the land and improvements commonly known as 9400 Watson Road, St. Louis, Missouri 63126.

5.       "Petition" refers to Plaintiff's Petition in the above styled matter and any subsequent amendments thereto.

6.      "Document" – The term "document" shall mean and shall refer to all information bearing media within the scope of the Missouri Rule of Civil Procedure and as defined by current case law and shall include the original and copies thereof which are different from the original in any respect (whether different from the original by reason of notations or otherwise), including any written, printed, typed, recorded, graphic, computer generated or photographic matter, sound reproduction, tape, record, or other device, however produced or reproduced.   The term "document" shall specifically be construed to include any computer-generated documents or records and any electronically stored information, including, but not limited to e-mail, voice mail, or other similar records, and any "deleted" or "erased" computer records that may be retrievable. As used in these Requests, the term "document" includes not only those documents in your possession, custody or control, but also any other documents that you have seen or know to exist, even though they are not in your possession, custody or control of the same.

7.      The terms "communication" or "oral communication" shall include communications or transmissions of any nature between or among one or more persons and one or more other persons including, without limitation, formal or informal discussions, conversations, conferences or meetings in person or by telephone, teleconference, telegraph, radio, or any other device for transmission of written, electronic, or verbal communications.

8.      "Relate to" or "relating to" means in any way concerning, describing, constituting, reflecting, containing, contained in, referring to, involving, connected with or related to, in whole or

in part.

9.      The term "person[s]" shall mean and include all natural persons, corporations, partnerships, associations, and any other kind or association, business, or other legal entity.

10.      The terms "fact" or "facts" shall include any occurrence, event, action, communication, meeting, happening, episode, transaction or conduct.

11.      All document requests below are limited to the time period of January 1, 2018 to the present, unless otherwise indicated in the applicable request.

## REQUESTS FOR PRODUCTION

1.      All documents and communications relied upon, referred to, or identified by you in your answers to Plaintiff's First Interrogatories directed to you.

**RESPONSE:**


2.      The lease that you contend governs the rights and responsibilities of Plaintiff and Defendant with respect to the Property.

**RESPONSE:**


3.      All documents and communications relating to the Lease, including but not limited to documents relating to negotiation of the Lease and performance under the Lease.

**RESPONSE:**


4.      All documents and communications relating to any sublease or potential sublease of the Property, or any part thereof.

**RESPONSE:**

5.      All documents and communications relating to the sale, lease, potential sale, or potential lease of the Property, or any part thereof.

**RESPONSE:**


6.      All documents and communications with Plaintiff relating to the sale, lease, sublease, potential sale, potential lease, or potential sublease of the Property, or any part thereof.

**RESPONSE:**


7.      All documents and communications with GT Cozad relating to the sale, lease, sublease, potential sale, potential lease, or potential sublease of the Property, or any part thereof.

**RESPONSE:**


8.      All documents and communications involving any broker or consultant that Defendant consulted (including but not limited to CBRE or its brokers) relating to a) the Lease; b) the sale, lease, or sublease of the Property, or any portion thereof; or c) the potential sale, potential lease, or potential sublease of the Property, or any portion thereof.

**RESPONSE:**


9.      All documents and communications relating to the purported termination of the Lease, including but not limited to the reasons for Defendant's purported termination of the Lease.

**RESPONSE:**

10.     All documents and communications supporting Defendant's contention in its March 18, 2019 letter to Cady Properties that "Not only is MVC precluded from subleasing the property, it is also being denied an unencumbered and contingency-free tenancy."

**RESPONSE:**

11.     Documents sufficient to show dates of payment and amounts paid by Defendant to Cady Properties for rent under the Lease.

**RESPONSE:**

12.     Documents and communications relating to the date Defendant vacates the Property.

**RESPONSE:**

13.     All communications involving any expert witness (retained and/or non-retained) you may call to testify in this litigation.

**RESPONSE:**

14.     All agreements with any expert witness relating to this litigation.

**RESPONSE:**

15.     The resume and curriculum vitae of each person whom you expect to call to provide testimony as an expert witness in this litigation.

**RESPONSE:**

16.     All documents prepared, reviewed, or provided to each person whom you expect to call to provide testimony as an expert witness in this litigation.

**RESPONSE:**


17.     Defendant's trial exhibits.

**RESPONSE:**


18.     Any statements or affidavits, written or recorded in any manner and from any person, relating to any of the claims or defenses in this litigation.

**RESPONSE:**

Respectfully submitted,

**LEWIS RICE LLC**

Dated: March 27, 2019      By:    /s/ R. Taylor Matthews III
R.  Taylor Matthews III, 60936
600 Washington Ave., Ste.  2500
St.  Louis, MO  63101
(314) 444-7600 (telephone)
(314) 241-6056 (facsimile)
tmatthews@lewisrice.com

*Attorneys for Plaintiff Cady Properties, LLC*

CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via email (with a word version) and U.S. Mail on this 27th day of March, 2019, on the party listed below.  In addition, the undersigned counsel hereby certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Magna Visual Corporation
c/o Joseph Young
28271 Cedar Park Blvd.
Perrysburg, Ohio 43551
jyoung@magnavisual.com

/s/ R. Taylor Matthews III

Electronically Filed - St Louis County - March 27, 2019 - 09:44 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| CADY PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 19SL-CC00968 |
| v. | ) | |
| | ) | Division No.  12 |
| MAGNA VISUAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

COMES NOW Cady Properties, LLC, by and through its undersigned counsel, and hereby certifies that the following documents were served via email (with accompanying word versions) on March 27, 2019:  Plaintiff Cady Properties, LLC's First Interrogatories Directed to Defendant Magna Visual Corporation and Plaintiff Cady Properties, LLC's First Request for Production Directed to Defendant Magna Visual Corporation.  The foregoing documents were also served via US Mail.  These documents were served on:

Magna Visual Corporation
c/o Joseph Young
28271 Cedar Park Blvd.
Perrysburg, Ohio 43551
jyoung@magnavisual.com

Electronically Filed - St Louis County - March 27, 2019 - 09:44 AM

Respectfully submitted,

**LEWIS RICE LLC**

Dated: March 27, 2019     By:     /s/ R. Taylor Matthews III
                                    R.  Taylor Matthews III, 60936
                                    600 Washington Ave., Ste.  2500
                                    St.  Louis, MO  63101
                                    (314) 444-7600 (telephone)
                                    (314) 241-6056 (facsimile)
                                    tmatthews@lewisrice.com

                                    *Attorneys for Plaintiff Cady Properties,*
                                    *LLC*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via email and US Mail on the party listed below this 27th day of March, 2019.  In addition, the undersigned counsel hereby certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Magna Visual Corporation
c/o Joseph Young
28271 Cedar Park Blvd.
Perrysburg, Ohio 43551
jyoung@magnavisual.com


                                    /s/ R. Taylor Matthews III